# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00193-CR

**Mohammad Ashraf, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. C-1-CR-08-206754, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After a jury trial, appellant Mohammad Ashraf was found guilty of family-violence assault. *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2009). Pursuant to a punishment agreement between Ashraf and the State, the trial court assessed punishment at one year's imprisonment, probated to two years' community supervision, and a $4,000 fine. Ashraf now appeals, asserting that he received ineffective assistance of counsel. We affirm the judgment of the trial court.

## BACKGROUND

Ashraf was arrested at his home on the morning of April 15, 2008, after his adult daughter, M.A., called the police during a domestic dispute between Ashraf and his wife, S.A.[1] Ashraf, M.A., and S.A. each testified at trial, with Ashraf's version of the events differing from the version presented by M.A. and S.A.

---

[1] These facts are taken from the testimony presented at trial.

S.A. testified that at approximately 2:30 a.m., Ashraf came into the room where she was sleeping with M.A. and demanded the house telephone. S.A. stated that Ashraf began yelling angrily at her, and that when she got up and walked into the hallway to show him the location of the telephone, he pulled her hair and pushed her into a wall with both hands, causing her pain in her lower back when she hit the wall.

M.A. testified that when Ashraf came into the room and began yelling at her mother about the telephone, she became scared and eventually called 911 because she "could tell it was getting out of hand." M.A. further explained that while she was on the phone with the 911 operator, she looked out into the hallway and saw Ashraf push S.A. into a wall.

Ashraf, on the other hand, maintained that no physical altercation had occurred and that he merely yelled at his wife because he thought she was hiding the telephone in order to listen to his phone conversations. The defensive theories at trial were that M.A. called the police to the house and maintained her story about the assault because she resented Ashraf for being a strict disciplinarian when she was a child and that S.A. was using the assault charges in order to gain a more favorable property settlement in the couple's pending divorce. Ashraf testified that S.A. was "trying to get as much money and as much material from me as possible." After defense counsel raised the issue of S.A.'s and M.A.'s motives for testifying, the trial court allowed the State to elicit testimony regarding prior incidents in which Ashraf had physically abused his wife and children.

Larry Flaniken, a patrol deputy with the Travis County Sheriff's Office, testified that he was dispatched to Ashraf's home on the morning of April 15, and that when he arrived, M.A. informed him that her parents had been in an altercation. Flaniken testified that he then spoke with S.A. and observed redness and swelling on her lower back, consistent with her story that Ashraf had

2

pushed her into a wall. Flaniken stated that when he questioned Ashraf about the incident, Ashraf maintained that no altercation had occurred. Based on his observations and the statements of M.A. and S.A., Flaniken arrested Ashraf for assault.

After hearing the evidence, the jury found Ashraf guilty of assault and made an additional finding of family violence. Ashraf and the State then negotiated a punishment agreement, which the trial court followed, assessing punishment at one year's imprisonment, probated to two years' community supervision, and a $4,000 fine. This appeal followed.

## STANDARD OF REVIEW

Claims of ineffective assistance of counsel are governed by the United States Supreme Court's decision in *Strickland v. Washington*. 466 U.S. 668 (1984); *see also Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (holding that *Strickland* standard applies in noncapital sentencing proceedings). Under the two-pronged *Strickland* standard, a defendant must show that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome. *See Strickland*, 466 U.S. at 687-88. The defendant bears the burden of proving ineffectiveness by a preponderance of the evidence, and allegations of ineffectiveness will only be sustained if they are firmly founded in the record. *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995).

## DISCUSSION

In a single issue on appeal, Ashraf argues that his trial counsel provided ineffective assistance. Specifically, Ashraf complains that one of his two trial lawyers acted ineffectively by (1) annoying the jury panel during voir dire by repeatedly using the word "okay," (2) opening the

3

door to previous assaults by Ashraf on S.A. by questioning S.A. about the pending divorce, (3) "possibly" advising Ashraf to tell S.A. not to come to court, (4) failing to object to the admission of a recording of M.A.'s 911 call into evidence, (5) failing to object to hearsay testimony by Flaniken, (6) opening the door to previous assaults by Ashraf on M.A. by questioning Ashraf about M.A.'s motives for calling the police, and (7) "abandoning" his client by declining to represent him on appeal.

Other than listing the seven instances of conduct noted above and setting forth the general standard for prevailing on a claim of ineffective assistance of counsel, Ashraf provides no argument or authorities to support his ineffective-assistance claim. Accordingly, this issue is waived on the ground that it is inadequately briefed. *See* Tex. R. App. P. 38.1(i) (appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and record); *see also Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) ("[T]he right to appellate review extends only to complaints made in accordance with our rules of appellate procedure.").

Even if Ashraf's claim was not waived on the basis of inadequate briefing, he has failed to establish the necessary requirements of a claim of ineffective assistance of counsel. In order to prevail, Ashraf must prove by a preponderance of the evidence that (1) counsel's performance was deficient and (2) it prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *Rodriguez*, 899 S.W.2d at 665. Ashraf has presented no argument to support either of the *Strickland* requirements as to any of the seven instances of conduct mentioned in his brief. Furthermore, in order to prevail on his ineffective-assistance claim, Ashraf must rebut the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Miniel*

4

*v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992); *see also Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007) ("If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal."). Ashraf has made no attempt to rebut this strong presumption as to any of the actions he complains of on appeal.

For example, while Ashraf contends that counsel acted ineffectively by opening the door to evidence of prior incidents of physical abuse during cross-examination of M.A. and S.A., he does not address the possibility that counsel was pursuing legitimate trial strategy by cross-examining both witnesses on their motives for testifying. Given that trial counsel's questions were consistent with the defensive theories that S.A. testified to gain an advantage in the couple's pending divorce and property settlement and that M.A. resented Ashraf for his disciplinarian style of parenting, Ashraf has not rebutted the presumption that these actions represented legitimate trial strategy.

Many of Ashraf's complaints also lack foundation in the record. "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The record is silent with respect to the contention that Ashraf's counsel advised him to tell S.A. not to come to court for trial. S.A. testified at trial that Ashraf had pressured her to "drop the case." She further testified, "And then last week he said you don't have to show up, and I told him I would get arrested and he said no all you have to do is don't show up, even I talked to my attorney about it." Ashraf had two defense attorneys in this case and may also have had a divorce lawyer, although the

record is not clear in that regard. If in fact one of these attorneys actually did advise Ashraf to tell S.A. not to come to court, there is no indication that it was the attorney whose conduct is the subject of Ashraf's present appeal.

Ashraf's claim that trial counsel "abandoned" him on appeal also lacks foundation in the record. Rather, the clerk's record reflects that after filing a notice of appeal on Ashraf's behalf, trial counsel properly filed a motion to withdraw, indicating that he had not been retained to represent Ashraf on appeal. This motion was granted by the trial court. While this appeal was pending, Ashraf filed a request to be declared indigent and the appeal was abated to allow the trial court to make an indigency determination. After finding Ashraf indigent, the trial court appointed him appellate counsel. It is unclear how this turn of events could possibly indicate that trial counsel provided ineffective assistance.

There is also no foundation in the record for Ashraf's claim that the jury was "annoyed" with trial counsel's use of the word "okay." While Ashraf complains that counsel "used the word 'Okay' gratingly, annoyingly, and ineffectively [80] times," there is no indication that counsel's repetition of the word had any effect on the jury whatsoever. The word "okay" is commonly used by attorneys in voir dire as a means of acknowledging statements or questions by potential jurors, and in fact the prosecutor also used the word "okay" over 50 times during voir dire.

Furthermore, while Ashraf complains of counsel's failure to object to the admission of a recording of M.A.'s 911 call into evidence, he does not explain the grounds on which defense counsel should have objected, or how this failure to object prejudiced the defense. Similarly, he complains that counsel "did not object to hearsay testimony by the policeman," but presents no argument as to how this failure to object may have prejudiced the defense, or why this testimony was

6

not admissible under an exception to the hearsay rule. As an appellate court, it is not our task to speculate as to the nature of an appellant's legal theory. *See Alvarado*, 912 S.W.2d at 210.

Finally, Ashraf argues in his brief that "[b]ut for defense counsel's poor job, the result of the trial might have been a not guilty verdict." This is not the appropriate standard for ineffective assistance of counsel. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Ashraf has made no showing, and in fact does not even argue, that there is a reasonable probability that the result of the proceeding would have been different in the absence of counsel's errors. As a result, he cannot prevail on his claim of ineffective assistance of counsel. *See id.*

In light of the foregoing, we overrule Ashraf's issue on appeal and affirm the trial court's judgment of conviction.

## CONCLUSION

We affirm the judgment of conviction.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: July 1, 2010

Do Not Publish

7